FILED
SUPERIOR COURT
OF GUAM

2018 APR 10 PM 1: 22

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PETER S. CHUNG,** | )    **Case No. CV0447-14** |
|        Plaintiff, | ) |
|        vs. | ) |
| | )    **FINDINGS OF FACT AND** |
| | )    **CONCLUSIONS OF LAW** |
| **BLAIR CONSTRUCTION CO., LTD.,** | ) |
|        Defendant. | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III for a bench trial on October 30, 2017, October 31, 2017, and November 1, 2017 concerning a complaint for malicious prosecution by Peter S. Chung ("Plaintiff" or "Mr. Chung") against Blair Construction Co., Ltd. ("Defendant" or "BCC").[1] Attorney Phillip Torres represents Plaintiff and Attorney Michael J. Berman represents Defendant. Having duly considered the parties' briefs, oral arguments, evidence and testimony received during trial, and the applicable law, the Court now issues the following Findings of Fact and Conclusions of Law ("Findings").[2]

---

[1] Plaintiff and Defendant are collectively referred to as the "Parties" throughout these Findings of Fact and Conclusions of Law.

[2] The Court took the matter under advisement on December 12, 2017, which was the deadline for the filing of replies/oppositions to the Parties' proposed findings.

**ORIGINAL**

## FINDINGS OF FACT[3]

1. At all relevant times, Mr. Chung was the principal real estate broker of a company doing business on Guam as Expo Realty.

2. In January 2008, BCC - a corporation based in the Republic of Korea – inquired with Mr. Chung about finding property that was suitable for a housing development. Following this inquiry, Mr. Chung showed representatives of BCC, specifically, Mr. Heung Koo Lee ("Mr. Lee"), President of BCC, and Ms. Ja Young Yim ("Ms. Yim"), Mr. Lee's duly-authorized representative and agent, a property identified as Lot 7134, which was located in Yigo, Guam.

3. Lot 7134 was owned by David Lujan ("Mr. Lujan") at the time Mr. Lee and Ms. Yim were shown the property by Mr. Chung.

4. On February 1, 2008, Earth Road, Inc. ("Earth Road") entered into a Land Purchase Agreement to purchase Lot 7134 from Mr. Lujan for $1,650,000 ("Earth Road Transaction").

5. Some time prior to March 10, 2008, Mr. Chung informed Ms. Yim that there was already an existing sales contract for the purchase of Lot 7134 to Earth Road from Mr. Lujan.

6. Some time prior to March 10, 2008, BCC expressed interest in purchasing Lot 7134 and began negotiations with Earth Road regarding a purchase price.

7. On March 10, 2008, Mr. Lee entered into a Land Purchase Agreement to purchase Lot 7134 from Earth Road for $2,450,000 ("BCC Transaction"). (<u>See</u> Pl.'s Ex. 1, Oct. 30,

---

[3] Placement of a fact under a particular section herein is not controlling; a finding of fact may state legal conclusions and a conclusion of law may include statements of fact.

2017.) Ms. Yim and Mr. Lee signed the agreement as buyers and Kwon Jung Do and Mr. Chung signed the agreement as sellers. (Id.)

8. The Earth Road Transaction closed immediately prior to the BCC Transaction on the same day.

9. At the time that BCC agreed to purchase Lot 7134, they were not aware that Earth Road would realize an $800,000.00 gain on the land purchase and sale.

10. After knowledge of the details of the Earth Road Transaction were revealed to Mr. Lee, representatives of BCC, specifically Ms. Yim, Chan Ho Kim, and Jong Choi, met with Mr. Chung during a meeting on Guam to attempt to recover Earth Road's gains from their purchase and sale of Lot 7134.

11. On November 24, 2009, BCC filed a civil complaint against Mr. Chung – Civil Case No. CV1753-09 – alleging various causes of action related to the BCC Transaction, including fraud, misrepresentation, breach of fiduciary duty, and conspiracy ("2009 Lawsuit"). See Blair Construction Co. v. Chung et al., Civil Case No. CV1753-09, Complaint (Nov. 24, 2009).[4] BCC cited in their complaint to a 2007 annual report of Earth Road which purported to show that Mr. Chung was an officer and/or general manager of the entity. Id. at ¶ 11.

12. Following a bench trial in CV1753-09, judgment was entered in favor of Mr. Chung after a determination that he properly disclosed all facts and circumstances relative to the sale of Lot 7134 to BCC and that he did not engage in fraud. See Blair Construction Co. v. Chung et al., Civil Case No. CV1753-09, Findings of Fact and Conclusions of Law (Feb. 28, 2013); Judgment (May 6, 2013).

---

[4] The Court herein takes judicial notice of the Judgment, Findings of Fact and Conclusions of Law, and the underlying complaint filed in CV1753-09.

13. Mr. Chung closed Expo Realty after the 2009 Lawsuit ensued.

14. Mr. Chung filed the current action on April 24, 2014 stating in its complaint that BCC acted with malicious intent in bringing forth CV1753-09, and that BCC brought the 2009 Lawsuit without probable cause.

15. According to the annual reports of Earth Road for 2004-2007 filed with the Department of Revenue and Taxation, Mr. Chung declared to be the president, treasurer, or secretary for the entity. (See Def.'s Ex. A, Oct. 31, 2017.) Mr. Chung also signed Earth Road's 2007 annual report as their general manager. (Id.)

## CONCLUSIONS OF LAW

A. To establish malicious prosecution, Mr. Chung must demonstrate that the 2009 Lawsuit (1) was initiated by or at the direction of BCC and legally terminated in his favor, (2) was brought without probable cause, and (3) was initiated with malice. See Siebel v. Mittlesteadt, 161 P.3d 527, 530 (Cal. 2007); Sheldon Appel Co. v. Albert & Oliker, 47 Cal. 3d 863, 871 (1989).[5]

B. It is undisputed that the 2009 Lawsuit was initiated by BCC and that it legally terminated in Mr. Chung's favor. See Blair Construction Co., Civil Case No. CV1753-09, *Judgment* (May 6, 2013).

---

[5] Neither Guam statute nor the Supreme Court of Guam has defined the elements for a malicious prosecution claim. Nonetheless, the common law definition of a malicious prosecution action as adopted by the California courts aligns with the majority approach. See, e.g., Willis v. Parker, 814 So. 2d 857, 863 (Ala. 2001); Kollodge v. State, 757 P.2d 1024, 1026 (Alaska 1988); Bah v. Mac's Convenience Stores, LLC, No. 49A02-1407-CT-512, 2015 WL 3965781, at *6 (Ind. Ct. App. June 30,2015); MacDermid, Inc. v. Leonetti, No.36750, 2015 WL 3855044,at *3 (Conn. App. Ct. Mar. 11, 2015). See also Lujan v. Howard Trapp Inc., Civil Case No. 1518-07 (Feb.21, 2011) (applying the elements of malicious prosecution adopted herein).

C. The only question before this Court is whether the 2009 Lawsuit was brought without probable cause and was initiated with malice.

D. To determine whether there was probable cause to bring the 2009 Lawsuit, the Court must determine whether a reasonable attorney would have thought the prior action was tenable in light of the facts known to BCC at the time the suit was filed. <u>See</u> <u>Sheldon Appel Co.</u>, 46 Cal. 3d at 878-879 ("the probable cause element calls on the trial court to make an objective determination of the "reasonableness" of the defendant's conduct, i.e., to determine whether, on the basis of the facts known to the defendant, the institution of the prior action was legally tenable"); <u>Ross v. Kish</u> 51 Cal. Rptr. 3d 484, 495 (Cal. Ct. Ap. 2006).

E. Moreover, "probable cause to bring an action does not depend upon it being meritorious, as such, but upon it being *arguably tenable,* i.e., not so completely lacking in apparent merit that no reasonable attorney would have thought the claim tenable." <u>Paiva v. Nichols</u>, 85 Cal. Rptr. 3d 838, 849 (Cal. Ct. App. 2008) (citations omitted).

F. Here, the 2009 Lawsuit was based upon allegations that Mr. Chung engaged in a fraudulent land flip scheme by acting as the broker for the sale of Lot 7134 from Earth Road to BCC, while also being an agent of Earth Road. <u>See</u> <u>Blair Construction Co.</u>, Civil Case No. CV1753-09, *Complaint* at ¶¶ 11-16 (Nov. 24, 2009).

G. Considering the timing of the transactions described in these Findings, the Court does not believe the 2009 Lawsuit was brought without probable cause. Although it was ultimately determined that Mr. Chung "perpetuated no fraud", BCC had reason to believe at the time of the filing of the 2009 Lawsuit that Mr. Chung had engaged in potentially fraudulent activity because of his dual role as the broker or agent for the

parties in the BCC Transaction. This belief was fueled by the 2007 annual report of Earth Road, which was referred to in BCC's complaint in the 2009 Lawsuit, that shows that Mr. Chung was an officer and/or the general manager of Earth Road. <u>Blair Construction Co.</u>, Civil Case No. CV1753-09, *Complaint* at ¶ 11 (Nov. 24, 2009); Def.'s Ex. A. Such revelations would have raised concerns with any reasonably attorney regarding the nature of Mr. Chung's role in the BCC Transaction.

H. The substantial gain earned by Earth Road, when it sold the property to BCC, as well as the fact that the Earth Road Transaction and BCC Transaction closed on the same day are also facts that a reasonable attorney could construe as circumstantial evidence of fraud.

I. The 2009 Lawsuit also hinged on what fiduciary duties Mr. Chung owed to BCC and its representatives, including Mr. Lee and Ms. Yim, in disclosing the details of the Earth Road Transaction and his relationship with Earth Road. This too was a valid concern as a broker "is charged with the duty of fullest disclosure of all material facts concerning the transaction that might affect the principal's decision." <u>Roberts v. Lomanto</u>, 5 Cal. Rptr. 3d 866, 872 (Cal. Ct. App. 2003) (*quoting* <u>Batson v. Strehlow</u>, 441 P.2d 101 (Cal. 1968). A reasonable attorney could have also deemed it tenable to file the 2009 Lawsuit based on information that Mr. Chung may have failed to completely discharge the fiduciary duties he owed to BCC (and any of its duly authorized agents) in disclosing all material facts regarding the Earth Road Transaction given his relationship to the parties in the BCC Transaction.

J. In determining that the 2009 Lawsuit was not instituted without probable cause, it is not necessary for the Court to determine if the lawsuit was initiated with malice. Rather, the

determination herein that there was probable cause to support the 2009 Lawsuit shows that it was not initiated with malice.

## CONCLUSION

For the reasons stated above, the Court finds that there was probable cause to bring the 2009 Lawsuit. Accordingly, Mr. Chung's action for malicious prosecution must fail and Judgment shall be entered in favor of the Defendant.

**IT IS SO ORDERED** on this 10th day of April, 2018.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

